The government contends no error was committed in this case when the court failed to order a competency hearing, because mistaken legal arguments and beliefs, even those as fundamentally flawed and baseless as those advanced by defendants, are not the equivalent to mental incompetence. At the outset of this proceeding, defendant argued the four corners of his demand for a speedy trial had not been received at the Greenhouse. He asserted his real accuser was the World Bank, that his mother was an informant against him in the contract, that the Constitution had been revoked by Theodore Roosevelt in 1933, that once his mother signed his birth certificate, he became property of the state, that his birth certificate was a negotiable instrument, which he withdrew, and that his mother was a woman. He withdrew from the well of Social Security, and he was no longer a ward of the state. desperate people who don't know any better raise. They have talked about the comma people, people who allege in defending themselves that if there's any legal document that has a comma in it between their names, it renders the document invalid because there's no comma in their given name, or people who believe that money isn't money because dollar bills are promissory notes, it's not gold and silver. Well, I'm at a disadvantage not having the benefit of that article. In any event, I don't think that Mr. Smith had access to the Internet, so he could peruse illegal theories. It's an amazing coincidence, though, that he would come up with these same arguments that seem to be all over the place. I've seen them myself in court, too. Well, I haven't seen them before, but in any event, I don't think they're mistaken. I think they're a reflection of paranoid delusional beliefs, and the Court seemed to think so, too. The standard under Chavez is whether a court should have reasonable cause to believe that the defendant is not competent. And this Court, just as the trial court before it, can't second-guess that. But where there is reasonable cause to believe that the defendant's not competent to understand the nature of the proceedings, or to insist in his own defense, the Court has a sua sponte duty out of an abundance of caution. Other than that language, what shows you that he had no ability to assist in his defense or understand what was going on? He answered questions pretty rationally about whether he wanted counsel, whether he understood the sentences that he was subjected to. What do you show that's so irrational? I know these concepts are strange, but show me what he did, other than these statements, to show that he didn't understand what was going on and that there was evidence of incompetence. Well, first of all, even though I agree with the Court, the Court did give him the appropriate advisements, and he did respond appropriately. However, the mere fact that we have those pro forma advisements and responses does not automatically indicate that he knowingly understood the nature of the proceedings. It's evident he believed this was a civil proceeding. He referred to himself as a holder in due course, as a negotiable instrument. Yes, but we've seen people cause all kinds of disruptions in courtrooms, intentionally or not, to take the Court out of control. And what makes this so different by those statements that he didn't understand? He proceeded rather well. He said, I know I don't want counsel because I want to do it my way. And he acknowledged that he may even be hurting himself. Is that indications that, you know, I know what's going to happen to me, but I want it, I would provide my own defense, and how do you get around Ferrata? Ferrata says your Fifth Amendment right goes away. That's true. Ferrata does speak in terms of the defense being purely personal. However, in order to waive the Ferrata right, the Supreme Court spoke in terms of a defendant's competency, whether he understood and was understood the nature of the rights he had and the nature of the rights he was giving up. It doesn't speak in terms of legal competency. Now, to answer Your Honor's question, Theodore Kaczynski was undeniably a brilliant man. He also, he was able to handle himself competently, and he appeared to have a demeanor that was, that comported with his intellectual acumen. He also was crazy. He's the Unabomber. He blew people up, and he had this, this diatribe that he believed that he, by blowing people up, he was preserving, he was conserving the environment. By the same token, in Pate v. Robinson, the Court held that the defendant's demeanor alone is not sufficient to establish that a defendant is competent to represent himself. And you have to look at the entire panoply of his actions. Well, I would take it then you're saying that once someone shows unusual theories and actions in the courtroom, then the only option of the Court is to sua sponte, order a competency hearing, because that would answer the question, i.e., yes, he's competent to proceed or not. So the judge then sua sponte now, if we follow your thoughts, is subject to having a reversal, because once somebody shows that they're a little bit unusual in their thoughts, he's got to order that competency hearing to protect his prior. I don't think we need to go to a point where we say just because he shows it's a little bit unusual. And this, in your example, Your Honor, is like the case of Hernandez, where the defendant made a single statement that he, bizarre statement, that he'd been mistreated in jail. Here, I filed with the Court a six-volume excerpt of record which by no means is a complete reflection of the preposterous notions that the defendant held regarding the nature of the case against him. Never once did he mention that this was a bank robbery. It was his claim. How long had he been in the holding facility? I think he was, from beginning to end, I think it was over two years. Well, I just wonder if, based on my experience in doing some sentencing in the District of Idaho, I wonder if the Internet for a person in the holding facility isn't the other inmates, because there seems to be a common law of absurdity that gets built up in those holding facilities, as witnessed the now fairly common argument that the fringe on the U.S. flag deprives the court that uses that flag of all jurisdiction over everybody. And that's been going around now for several years. And some of these arguments are not unique to this man. I mean, the holder in due course argument we've seen before. And it seems to me that he may just be a pretty good receptor of the loonies that run around in the holding facility. Well, he may be, but he may also be a total nutcase. And that's the issue. The issue is that the court, once having had reasonable cause to believe that the defendant may not be competent, it was incumbent upon him to order a competency case. But you're saying that these thoughts, which may be part of the system, that is, the jailhouse system, and also, as I remember reading the record, he said, I've read a lot. I've read up on the law. He didn't say he sat in his cell solitarily and never thought about this. I know what I'm doing. I've read a lot. So that would infer that he's talked or read to someone. So once they come up with these theories, I still go back to my point. The only protection the system has is to say, well, he's got some of these strange thoughts and he may be incompetent. If I don't do it, I'm going to have a reversal. I better have a competency hearing. So why don't we just order competency hearing the moment someone starts acting unusual? Why not? It solves all this. It solves this right today. Just have competency hearings right off the top. We didn't need to have a competency hearing right off the top. I mean, at this point, the Court let the proceedings go on for a substantial period of time before it raised the issue of defendant's competency. Defendant had gone through a pretrial, trial, and was convicted. It was in post-trial, post-conviction proceedings prior to sentencing that the Court raised the issue of whether the defendant was competent to represent himself and whether he was competent to proceed in further proceedings. That's when he posed his question to defense counsel, who indicated, I really don't know one way or another. So now you're saying that once the judge even ponders the question of whether he's competent, then he's bound to hold the hearing. We at this point, two years into the proceedings, we started off with the defendant saying his speedy trial motion had not been received in the four corners of the greenhouse. That's how we started the proceedings two years earlier. I think the Court had more than enough before it to have reasonable cause before then. By the time it did express the opinion, there was more than enough here to give pause for concern. Not just pause for concern, but a substantial concern as to whether the defendant really understood the nature of the proceedings against him or could participate in his defense. So I don't think we need to say that the minute the issue comes up, the Court must suspend proceedings and have a competency hearing. Here we have proceedings of long-term duration, which took place over a two-year period. And the Court had a much more substantially greater portion of the record before it than this Court does, which is replete with these references. Now, it may be that some of these are things that the defendant picked up. But one of the things, the defendant simply lacked the capacity to even filter out the preposterous from the reasonable. And the issue is whether or not this was a result of delusional thinking. And it's not for the Court to second-guess counsel in this regard or to say that it's dependent on whether there's extrajudicial evidence or whether the defendant's mother was sitting in the courtroom sua sponte res the issue before the trial court. All right. Thank you. Thank you. Good morning. May it please the Court. Brian Hershman on behalf of the United States. The primary issue before this Court is whether the district court erred by not sua sponte or during a competency hearing even though the defendant, number one, had no history of mental illness. Number two, neither defendant, his counsel, nor any of his family members ever suggested or raised the issue the defendant was somehow incompetent or suffering from a mental illness. Number three, the Court had before it the defendant made the rational decision to abandon his pro se status and proceed with experienced trial counsel at the trial. Number four, defendant's prior criminal history did not indicate that in any of those cases a competency was raised as an issue. And number five, the Court had the ability to observe defendant in a number of proceedings over a two-year period in which the Court asked specific questions to the defendant and the defendant gave specific rational answers in that response. And I want to address those in particular because I think they really illustrate the juxtaposition which the Court has focused on between the jailhouse filings the defendant made and the rational responses defendant gave when asked a specific question. If you look at the first competency hearing, when defendant's asked specific questions, he says he graduated high school, he studied some law, he expressed an understanding of the charges, namely that this was a bank robbery. In fact, he compared it to the state bank robbery statute, 211, which is actually under the California Penal Code, the bank robbery statute, which he'd previously been convicted of, which shows some rational understanding of comparing what he's currently facing with what he previously was convicted of and served jail time for. He indicated he'd reviewed the rules of evidence. He indicated his knowledge of the sentencing guidelines. In fact, he knew enough to say that I'm facing the career offender provision, which is going to increase my guidelines. Now, that's rational, in fact, specific thought that many lawyers don't even catch on, but the defendant had caught on to this specific provision. And that's important to note in comparing the frivolous but self-motivated filings which occur, which says this court has no jurisdiction over me, you have to let me out, you can't proceed in this matter because I'm a civil person. You compare sort of those, I want to get out of custody, I'm going to file these briefs, we'll take a shot at it, versus when he's really questioned, what does he really understand? And all the evidence shows that what he really understood was the nature of the proceedings, what he was facing, and what the consequences were. And that's the exact test for competency that's raised by the court, whether or not he has a rational as well as factual understanding of the proceedings against him. And all the evidence presented to the district court when they analyzed this was despite the frivolous filings, this guy knows what's going on. And then you look at what happens when the court does raise the issue in Cameron. It says specifically the defense counsel, and I have the quotes here. He says, you know, do you think that we should proceed under section 4241? And listen to what counsel says. It's within your discretion, Your Honor, but I will not be moving for such an evaluation. I don't have, despite his filings, that's an important phrase, despite his filings, despite his arguments in court, I don't believe that there is reason to believe that he is not competent. In other words, counsel who's evaluated him over a significant period of time and had the ability to interact says, I know he's made these frivolous filings. Despite all those things, based on my interaction with him, he knows what's going on. And therefore, I'm not going to be moving for competency hearing. And that's exactly what the court should be doing in this circumstance, question counsel as to what its opinion is because it's been dealing with him. And when he gets that kind of response to say it was error for the court to disregard counsel's statement, an order of competency hearing, I think, is mistaken, unless there are any further issues in the court. I guess not. Thank you. Thank you, Your Honor. You've gone over your time. I'll give you a minute in rebuttal if you'd like. Thank you, Your Honor. Any quote to be relevant has got to be complete. In this case, the government contends that defense counsel was the appropriate barometer of defendant's competency who claimed that he had he believed that the defendant was competent. If you finish with the remainder of the quote, the court says you have no information. Counsel says, no, Your Honor, to suggest otherwise or to suggest that he is incompetent at this point. In other words, counsel rendered no opinion. So it says he has no information to suggest that he is not competent at this point. Or that he is competent. All right. It's in page 31 of the brief. And it's in the exercise record of 1387 to 1389. 31 in the opening brief at the bottom of the page. Mr. Parada, no, Your Honor, to suggest otherwise or to suggest he is incompetent at this point. In other words, the court is expressing no opinion one way or another, puts it back in the lap of the court. I don't think you're reading that correctly. I think what he is saying is I have no reason to believe counsel is saying I have no reason to believe that he is not competent at this point. He says to suggest otherwise or to suggest he is incompetent. Otherwise. I mean, read the first part of it again. All right. I have a different impression of it than the court. I believe that it was defense counsel threw it back in the lap of the court and said, I have no information one way or another. The issue doesn't turn on defendants prior history, years before, whether or not a parent, a family member expresses, vocalizes some concern about defendant's competence or extrajudicial evidence. In this case, it turns upon the evidence that was directly before the court of which the indictment is. All right. Thank you. Thank you, Your Honor. The case just argued will be submitted.
judges: Brunetti, Tg Nelson, Silverman